## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Gabriel J., | No. 26-cv-00865 (SRN/LIB) |
| Petitioner, | |
| v. | **ORDER** |
| Pamela Bondi, Attorney General; Kristi Noem, Secretary, U.S. Department of Homeland Security; Todd M. Lyons, Acting Director of Immigration and Customs Enforcement; David Easterwood, Acting Director, St. Paul Field Office Immigration and Customs Enforcement, and Ryan Shea, Sheriff of Freeborn County, | |
| Respondents. | |

Taylor R. Stemler, Merchant & Gould, P.C., 150 S. 5th St., Ste. 2200, Minneapolis, MN 55402, for Petitioner

Ana Voss,[1] U.S. Attorney's Office, 300 S. 4th St., Minneapolis, MN 55415, for Federal Respondents

David John Walker, Freeborn County Attorney's Office, Freeborn County Government Center, 411 S. Broadway Ave., Albert Lea, MN 56007, for Ryan Shea, Sheriff of Freeborn County

---

[1] The Respondents' response in this matter was signed by Matthew Ishihara on behalf of the U.S. Attorney's Office. Mr. Ishihara has not filed a notice of appearance in this case.

SUSAN RICHARD NELSON, United States District Judge

Before the Court is the Petition for a Writ of Habeas Corpus ("Petition") [Doc. No. 1] filed by Petitioner Gabriel J.  Petitioner seeks immediate release from detention, or a prompt bond hearing in Immigration Court.  Respondents oppose the Petition. (Resp'ts' Opp'n [Doc. No. 5].)

The Court has taken the Petition under advisement on the papers.  For the reasons set forth below, the Petition is granted and Respondents shall release Petitioner immediately.

## I.    BACKGROUND

Petitioner is a resident of St. Paul, Minnesota, and a citizen of Venezuela, who has lived in the United States since November 2024.  (Pet. ¶ 13.)  He has a pending asylum application and is not subject to a final order of removal.  (*Id.* ¶ 14.)

Respondents arrested Petitioner without a warrant on December 12, 2025, while he was in a vehicle, about to leave a restaurant.  (*Id.* ¶ 16.)  He alleges that agents approached him and asked if he was "documented." (*Id.*)  He refused to speak with them and asked for a lawyer.  (*Id.*)  Petitioner further alleges that agents aggressively pulled him from the vehicle and handcuffed him.  (*Id.*)  Respondents are detaining him in ICE custody at the Freeborn County Jail in Albert Lea, Minnesota.  *See* Dep't of Homeland Sec., U.S. Immigration & Customs Enforcement, *Online Detainee Locator Sys.*, https://locator.ice.gov/odls/#/search (last accessed Feb. 2, 2026).

Petitioner filed the instant Petition on January 30, 2026, asserting that he is entitled to immediate release, or, in the alternative, a bond hearing.  (Pet. ¶ 1.)

In the Court's January 30, 2026 Order to Show Cause, the Court enjoined Respondents from moving Petitioner out of Minnesota until further order of the court, and, to the extent he was released, likewise required Petition to remain in Minnesota while his Petition is pending. (OSC [Doc. No. 4] ¶ 4.) The Court also ordered Respondents to show cause for the "true cause and proper duration of Petitioner's confinement," and directed Respondents to address "[w]hether the absence of a warrant preceding Petitioner's arrest necessitates Petitioner's immediate release." (*Id.* ¶¶ 1, 2(e).) Additionally, the Court required Respondents to distinguish the instant Petition from the Court's prior rulings in *Maldonado v. Olson*, 795 F. Supp. 3d 1134 (D. Minn. 2025), and *E.M. v. Noem*, No. 25-cv-3975 (SRN/DTS), 2025 WL 3157839 (D. Minn. Nov. 12, 2025). (*Id.* ¶ 2(d).)

Respondents contend that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and is therefore not entitled to release. Their position is consistent with new interim guidance from the Department of Homeland Security ("DHS")/ICE, and a recent decision from the Board of Immigration Appeals ("BIA") finding that all persons who enter the United States without inspection, including those who have been residing here for some time, are "applicants for admission" under 8 U.S.C. § 1225(a), subject to mandatory detention, rather than discretionary detention under § 1226(a). *Maldonado*, 795 F. Supp. 3d at 1150 (noting interim guidance); *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). Respondents invoke their prior arguments, as set forth in *Mayamu K. v. Bondi*, No. 25-cv-3035 (JWB/LIB), 2025 WL 3641819, at *4 (D. Minn. Oct. 20, 2025), and *Eliseo A.A. v. Olson*, No. 25-cv-3381 (JWB/DJF) (D. Minn. Aug. 27, 2025)—two decisions that were not issued by the undersigned judge. (Resp'ts' Opp'n at 2–3.) It is

3

Respondents' position that as a matter of statutory interpretation, Petitioner falls under the provisions of 8 U.S.C. § 1225, not § 1226, and therefore, is not entitled to release. (*Id.*) They concede that the instant Petition raises legal and factual issues similar to those in prior habeas petitions in *Mayamu K.* and *Eliseo A.A.*[2] (*Id.* at 3.)

In further support of their position, Respondents argue that as an asylum seeker, Petitioner is an "applicant for admission" under § 1225—an issue they contend this Court has not previously addressed. (*Id.* at 7–9.)

## II.    DISCUSSION

### A. Section 1226 Applies

While the parties dispute whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA") applies to a noncitizen who is already residing in the United States, there is no dispute that Petitioner was arrested while already residing in the United States.

This Court has previously found, along with the Seventh Circuit Court of Appeals— the only circuit court to have addressed the issue—and the vast majority of district courts

---

[2]    Respondents do not challenge subject matter jurisdiction or administrative exhaustion. Nevertheless, the Court briefly addresses these issues. As to jurisdiction, the Court finds that none of the jurisdiction-stripping provisions of 8 U.S.C. § 1252 apply to the question of whether mandatory detention under § 1225(b)(2) or discretionary detention under § 1226(a) applies. *See Maldonado*, 795 F. Supp. 3d at 1144–47.

As to exhaustion, requiring administrative  exhaustion would be futile in light of *Hurtado*. *See Alvarez Ortiz v. Freden*, --- F. Supp. 3d ---, No. 25-CV-960-LJV, 2025 WL 3085032, at *5 (W.D.N.Y. Nov. 4. 2025) (finding exhaustion of remedies would be futile, even if petitioner had not exhausted his remedies). Immigration judges would be obliged to follow *Hurtado*'s ruling on the scope of § 1225(b)(2)(A).

throughout the country, that the applicable detention scheme for noncitizens already residing in the country is under § 1226(a), absent any exceptions under § 1226(c). *Maldonado*, 795 F. Supp. 3d at 1150–52, *E.M.*, 2025 WL 3157839, at *4–8; *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060–62 (7th Cir. 2025); *see also Demirel v. Fed. Detention Ctr.*, No. 25-5488, 2025 WL 3218243, at *4 (E.D. Pa. Nov. 18, 2025) (collecting cases); *Pizarro Reyes v. Raycraft*, No. 25-12546, 2025 WL 2609425, at *6–7 (E. D. Mich. Sept. 9, 2024) (collecting cases); *Yulexi T. v. Noem*, No. 26-cv-68 (ECT/DTS), 2026 WL 77022, at *2 (D. Minn. Jan. 10, 2026); *Kelvin N. v. Bondi*, No. 26-CV-32 (JMB/JFD), 2026 WL 63423, at *2–3 (D. Minn. Jan. 8, 2026); *Iishaar-Abdi v. Klang*, No. 25-CV-4686 (JRT/DTS), 2025 WL 3764853, at *1 (D. Minn. Dec. 30, 2025); *Awaale v. Noem*, No. 25-cv-4551 (MJD/JFD), 2025 WL 3754012, at *1 (D. Minn. Dec. 29, 2025); *Hugo v. Olson*, No. 25-cv-4593 (LMP/DTS), 2025 WL 3688074, at *2–3 (D. Minn. Dec. 19, 2025); *Lionel V.F. v. Bondi*, No. 25-cv-4474 (PJS/LIB), 2025 WL 3485600, at *1 (D. Minn. Dec. 4, 2025). By contrast, § 1225(b)(2) applies to noncitizens at or near the border. *Alvarez Ortiz v. Freden*, --- F. Supp. 3d ---, No. 25-CV-960-LJV, 2025 WL 3085032, at *10 (W.D.N.Y. Nov. 4. 2025). Respondents do not assert that any of the exceptions under § 1226(c) apply. The Court remains unpersuaded by Respondents' statutory interpretation of §§ 1225(b)(2)(A), but notes that Respondents' arguments are preserved for appeal.

Respondents also argue that this habeas petition is different from prior petitions the Court has decided because "Petitioner is 'seeking admission' through his stated intent to pursue asylum." (Resp'ts' Opp'n at 8.) Respondents equate "pursuing asylum" with

"seeking admission." (*Id.*)  To support this argument, Respondents rely on *Chen v. Almodovar*, No. 1:25-CV-8350-MKV, 2025 WL 3484855, at *6 (S.D.N.Y. Dec. 4, 2025). The court in *Chen* reasoned that "seeking asylum" is the same as "seeking admission" within the meaning of § 1225(b)(2) because "'admission' is defined in terms of 'lawful' status, 8 U.S.C. § 1101(a)(13)(A), not physical presence on U.S. soil." *Chen*, 2025 WL 3484855, at *6.

The Court declines to follow *Chen*, finding it not persuasive on grounds adeptly expressed by other courts in the same district.  First, treating a noncitizen with a pending application for asylum as an individual "seeking admission" under § 1225—no matter how long he has been present in the United States—would be incongruent with the ordinary meaning of "seeking admission," which is "entering or attempting to enter the country." *Yao v. Almodovar*, --- F. Supp. 3d ---, No. 25-CV-9982 (PAE), 2025 WL 3653433, at *9 (S.D.N.Y. Dec. 17, 2025).  This Court has previously determined that the phrase "seeking admission" signifies a present and active effort; it is not a status.  *E.M.*, 2025 WL 3157839, at *4.  In the immigration context, the word "enter" means to cross a territorial limit into the country.  *Goorakani v. Lyons*, No. 25-CV-9456 (DEH), 2025 WL 3632896, at *9 (S.D.N.Y. Dec. 15, 2025) (quotation omitted).  Petitioner entered the United States more than a year ago.  "To the extent that asylum applicants already within the United States continue to 'seek' something, it is not 'entry' to the country; they are already here. Rather, these applicants seek a lawful means to remain in the United States." *Id.* (citation omitted).

Second, *Chen*'s equation of "seeking asylum" to "seeking admission" is at odds with Congress's pointed distinction between a noncitizen's admission and the grant of

6

asylum to a noncitizen. *Yao*, 2025 WL 3653433, at *9. "Admission" is defined in the INA as a "lawful entry . . . after inspection and authorization by an immigration officer." 8 U.S.C. § 1101(a)(13)(A). Whether to grant asylum is not decided at that point, however; nor is the asylum decision made by the immigration officer. *Yao*, 2025 WL 3653433, at *9. Further, "a later decision to grant asylum does not retroactively make the noncitizen's earlier entry 'lawful,' or constitute 'inspection and authorization' in connection with that entry." *Id.* Rather, a grant of asylum protects a noncitizen from removal, even if his entry was illegal. *Id.* "Congress expressly decoupled the concepts of removability and asylum" in the INA. *Id.* As these examples show, *Chen* "blurred two distinct legal concepts" in equating "seeking asylum" with "seeking admission." *Id.*

The Court concludes that Petitioner's ongoing pursuit of asylum does not equate to his "seeking admission" to the United States and thus does not mandate detention under § 1225(b)(2). This conclusion is consistent with other judicial decisions in this District. *E.g., Misael T. v. Bondi*, No. 26-CV-263 (ECT/EMB), 2026 WL 146510, at *2 (D. Minn. Jan. 20, 2026); *Mahamed C.A. v. Noem*, No. 25-CV-4551 (MJD/JFD), 2025 WL 3771299, at *3 (D. Minn. Dec. 16, 2025), *report and recommendation adopted sub nom. Awaale*, 2025 WL 3754012, at *1; *Mayamu K.*, 2025 WL 3641819, at *4. This conclusion is also consistent with *Maldonado*, 795 F. Supp. 3d at 1139, 1151–52, in which this Court determined that a noncitizen with a pending asylum application was already present in the United States, not seeking admission into the country, and thus not subject to § 1225(b)(2).

### B.  Appropriate Remedy

Having determined that § 1225(b) is inapplicable to Petitioner, who would otherwise fall under § 1226(a), the Court turns to the appropriate remedy.  Section 1226(a) provides that "*[o]n a warrant issued by the Attorney General*, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a) (emphasis added).  The statute requires the issuance of a warrant as a precursor to detention under § 1226(a).  *Ahmed M. v. Bondi*, No. 25-cv-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026) (citing *Chogllo Chafla v. Scott*, --- F. Supp. 3d ---, 2025 WL 2688541, at *11 (D. Me. Sept. 21, 2025), *appeal filed* (Nov. 6, 2025); *J.A.C.P. v. Wofford*, No. 1:25-cv-01354-KES-SKO (HC), 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025)).  "[I]t follows that absent a warrant a noncitizen may *not* be arrested and detained under section 1226(a)." *Chogllo Chafla*, 2025 WL 2688541, at *11 (emphasis in original).

Petitioner alleges that upon information and belief, he was arrested and detained without a warrant.  (Pet. ¶¶ 29, 52.)  Although the Court's Order to Show Cause required Respondents to address "[w]hether the absence of a warrant preceding Petitioner's arrest necessitates Petitioner's immediate release," (OSC ¶ 2(e)), as Petitioner notes in his Reply, Respondents have not produced a warrant, nor any other documentation supporting Petitioner's detention.  (Reply [Doc. No. 6] ¶¶ 6–7.)  Section 1226(a) requires, in the first instance, that Petitioner's arrest and detention are authorized by the issuance of a warrant. 8 U.S.C. § 1226(a); *Vedat C. v. Bondi*, No. 25-cv-4642 (JWB/DTS) (D. Minn. Dec. 19,

2025).  Again, Respondents have failed to produce, much less address, § 1226(a)'s warrant requirement here.  Petitioner's arrest and detention are therefore unauthorized.

As other judges in this District have found, the appropriate remedy for detention that lacks a proper statutory basis under § 1226(a) is release.  *Ahmed M.*, 2026 WL 25627, at *3 (finding release the appropriate remedy where Respondents did not produce a warrant); *Juan S.R. v. Bondi*, No. 26-cv-0005 (PJS/LIB) (D. Minn. Jan. 12, 2026) [Doc. No. 8 at 3–4] (following the reasoning of *Ahmed M.* and ordering immediate release where Respondents failed to present evidence of a warrant); *Vedat C. v. Bondi*, No. 25-cv-4642 (JWB/DTS) (D. Minn. Dec. 19, 2025) [Doc. No. 9] at 6] ("[A] bond hearing presupposes lawful detention authority under § 1226.  Where that authority has not been invoked or established, ordering a bond hearing would treat the absence of statutory power as a mere procedural irregularity rather than a substantive defect.").  "Habeas relief . . . addresses the lawfulness of custody itself," and "[f]or detention that lacks a lawful predicate, release is an available and appropriate remedy."  *Vedat C.*,  No. 25-cv-4642 (JWB/DTS) (D. Minn. Dec. 19, 2025) [Doc. No. 9] at 6].  Accordingly, Respondents shall release Petitioner from custody.

Accordingly, the Court grants Petitioner's request for release, as set forth below.

## III.   ORDER

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that

1. Petitioner Gabriel J.'s Petition for a Writ of Habeas Corpus [Doc. No. 1] is **GRANTED**, as follows:

9

2. Respondents shall release Petitioner from custody immediately, but no later than within 48 hours.

3. Prior to Petitioner's release, Respondents must first notify Petitioner's legal counsel within two hours of his impending release, and include the location of his release and approximate release time, so that Petitioner's counsel may make transportation arrangements and Petitioner's counsel may notify family members.

4. Upon release, Respondents shall return to Petitioner all of his identifying documents, immigration documents, paperwork of any kind, his cell phone, and any other personal belongings, including clothing and jewelry.

5. Respondents may not administratively recharacterize the release granted by this Order as grounds to impose conditions or re-impose existing conditions in conjunction with release (including release on recognizance or similar instruments), without prior notice to and authorization from the Court, or absent a new and independently lawful custody decision properly executed under the law.

6. Respondents shall confirm Petitioner's release within 48 hours from the date of this Order.

7. Respondents may not re-detain Petitioner under a statutory theory this Court has rejected in this proceeding absent materially changed circumstances.

Dated: February 4, 2026                           s/Susan Richard Nelson
                                                   SUSAN RICHARD NELSON
                                                   United States District Judge